UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GOLDMAN,

       Plaintiff,                            Case No: 1:08-cv-664

v                                             HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the Commissioner's decision to deny plaintiff's claim for disability insurance benefits (DIB). The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation.[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

At the outset of his objections, plaintiff "requests de novo review of the file, including his brief, and his reply brief." To the extent that plaintiff intends that this Court *sua sponte* consider prior issues not raised in specific objection to the Magistrate Judge's Report and Recommendation, the Court declines to do so. Such duplicative consideration by the district court would defeat the

---

[1] Since defendant did not file a Response, the Court does not have the benefit of responsive argument.

purpose and efficiency of consideration by the Magistrate Judge in the first instance. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). W.D. Mich. LCivR 72.3(b) provides that a party filing objections to a report and recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." Thus, this Court will consider only the objections specifically raised or discernable in plaintiff's Objections to the Report and Recommendation.

Plaintiff first objects that the "factual rendition" set forth in the Report and Recommendation by the Magistrate Judge is unfair because it does not set forth all the relevant facts. Plaintiff alleges that the Magistrate Judge appears to have overlooked evidence in favor of plaintiff, including the July 2003 EMG results, objective test findings by Dr. Rudman, and the significant observations of Dr. Rudman and Dr. LaBerge. Plaintiff asserts that these omitted facts are important since "the major complaint about [his] case is that it is supported by scant objective findings" (Obj. 2).

Because the factual recitation at the outset of the Report and Recommendation is material only to the extent it bears on the disposition of the issues presented, no determination of the "fairness" of the factual recitation is necessary. Instead, the alleged omission of these facts is considered with respect to the issue whether the proper weight was accorded to the opinions of the treating physicians, as discussed subsequently, which is plaintiff's relevant contention.

Plaintiff objects that the Magistrate Judge misconstrued plaintiff's argument regarding the weight accorded to the treating physician. That is, the Magistrate Judge erroneously stated that plaintiff believed the ALJ should accord *controlling weight* to the opinions of his treating physician Dr. LaBerge although the case law and regulations require a more involved analysis, as set forth in plaintiff's brief on appeal. The Court finds no error in this regard. Plaintiff in fact argued in his brief

that the opinion of the treating physicians should be found controlling (Pl. Br. 13). Plaintiff's objection is without merit.

Further, the Magistrate Judge properly considered the controlling principles of law in addressing plaintiff's argument concerning the weight accorded to the opinions of the treating physicians (R & R 12-13). *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541 (6th Cir. 2004); *see also Blakley v. Comm'r of Soc. Sec.,* ___ F.3d ___, 2009 U.S. App. LEXIS 21132 (6th Cir. 2009) (reiterating the treating physician rule enunciated in *Wilson*). The Court finds no error in the Magistrate Judge's application of those principles to the record evidence. Contrary to plaintiff's preliminary argument, the Magistrate Judge did not overlook key evidence in favor of plaintiff, i.e., the July 2003 EMG results, objective test findings by Dr. Rudman, and the significant observations of Dr. Rudman and Dr. LaBerge. Rather, the Magistrate Judge referenced and summarized evidence that was germane to the analysis.

Plaintiff objects that the Magistrate Judge "improperly refused to require the ALJ to follow the 'pain' regulation and caselaw" (Obj. 4). The Court finds no such error. The Magistrate Judge considered and rejected plaintiff's argument that the ALJ failed to give proper weight to his subjective assertions of pain (R & R 15-16). Plaintiff incorrectly asserts that the Magistrate Judge's analysis omits any reference to, or discussion of, the "*Duncan*" test (Obj. 4). *See Duncan v Sec'y of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986). The Magistrate Judge sets forth the *Duncan* standard on page 15 of Report and Recommendation, and expressly referenced it as such. The Court is not persuaded that the analysis in *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 248 (6th Cir. 2007), requires a different result, particularly since the quoted analysis was specific to an

3

underlying diagnosis of fibromyalgia, which the court noted, "itself renders such a brief analysis and over-emphasis upon objective findings inappropriate."

Plaintiff objects that the Magistrate Judge improperly applied the harmless error doctrine after acknowledging that the ALJ may have erred in limiting his decision by the previous April 2000 denial of disability benefits. Plaintiff argues that he is entitled to a de novo hearing because the ALJ's decision may have been different had he not been mistaken that he was bound by the previous decision. Not only is this argument based on mere speculation, but it also disregards the Magistrate Judge's ultimate determination that the ALJ did *not* adopt the previous RFC assessment (R & R 18). Plaintiff's objection is without merit.

Plaintiff objects that the ALJ failed to make clear if plaintiff was currently disabled, and thus, whether Policy 83-20 applied. The Magistrate Judge considered this same argument and found it without merit because, contrary to plaintiff's assertions, there was no basis in the record for inferring that the ALJ found plaintiff to be currently disabled. The Court agrees with the Magistrate Judge's conclusion. Plaintiff's argument is based on an unsupported presumption of a finding, which was not necessary to the ALJ's determination.

Plaintiff last objects that the ALJ's vocational assessment is inadequate and fails to combine the effects of the various limitations found in the decision. Plaintiff's objection is premised on plaintiff's preceding arguments and a conclusion that his functional capacity is less than that established in the ALJ's decision, and thus, in the hypothetical question presented to the vocational expert. Because plaintiff's preceding arguments are without merit, and the decision of the ALJ is upheld, this objection fails. Accordingly:

4

**IT IS ORDERED** that the Objections (Dkt 14) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 13) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 30, 2009  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge